**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-5078**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

MAURILIO PRIETO-RUBI, Maurilio Prieto-Rubio,

　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. Norman K. Moon, District
Judge. (3:06-cr-00017-nkm-1)

───────────

Submitted: September 29, 2008　　　Decided: January 15, 2009

───────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Marc Seguinót, SEGUINÓT & ASSOCIATES, PC, McLean, Virginia, for
Appellant. Julia C. Dudley, Acting United States Attorney, Jean B.
Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurilio Prieto-Rubi appeals his conviction and 194-month sentence for conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2000). Prieto-Rubi contends the court erred in accepting his guilty plea without first ascertaining whether he had been advised of his right to contact the Mexican consulate under Article 36 of the Vienna Convention on Consular Relations. He also contends the district court erred in refusing to consider his status as a deportable alien as a basis for varying from the Sentencing Guidelines range. We affirm.

Prieto-Rubi asks this court to vacate his guilty plea and remand for an "evidentiary hearing to determine whether the failure of [notification] under Article 36" violated his rights. Because Prieto-Rubi did not raise this issue below, his claim is reviewed for plain error. See Fed. R. Crim. P. 52(b). Prieto-Rubi must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if all three of these elements are present, we may not correct the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks, alterations and citation omitted).

Article 36(b) of the Vienna Convention provides that upon arrest, a foreign national has the right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right. In <u>Sanchez-Llamas v. Oregon</u>, 548 U.S. 331, 343, 350 (2006), the Supreme Court held that, assuming the Vienna Convention creates enforceable individual rights, suppression of incriminating evidence via the exclusionary rule is not an appropriate remedy for its violation. Just as violation of Article 36 does not warrant exclusion of incriminating evidence, it does not require vacating Prieto-Rubi's conviction. <u>See</u> <u>Medellin v. Texas</u>, 128 S. Ct. 1346, 1360-61 (holding treaties without self-executing provisions do not constitute "directly enforceable federal law").[*]

Prieto-Rubi also argues that his status as a deportable alien is a permissible grounds for variance and the district court erred in its refusal to consider varying the sentence on this basis. Our review of the record leads us to conclude, however,

---

[*]Prieto-Rubi also refers to the decision of the International Court of Justice ("ICJ") in the <u>Case Concerning Avena and other Mexican Nationals</u> (Mex. v. U.S.), 2004 I. C. J. 12 (Mar. 31), in which the ICJ held that the United States had violated the Vienna Convention by failing to inform 51 named Mexican nationals of their Vienna Convention rights and that those individuals were entitled to review and reconsideration of their U.S. state-court convictions. The international court's decision in the <u>Avena</u> case does not, however, require reversal of Prieto-Rubi's conviction, because the ICJ's decision is not "directly enforceable federal law." <u>Medellin</u>, 128 S. Ct. at 1353.

that the court did consider, but was unpersuaded, that the deportation issue warranted a departure.

In any event, Prieto-Rubi cannot establish that his sentence is unreasonable. This court will affirm a sentence so long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). We review a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462, 2465 (2007) (permitting appellate courts to afford a presumption of reasonableness to a within-Guidelines sentence). Prieto-Rubi's 194-month sentence is within the Guidelines range and below the statutory maximum. Neither Prieto-Rubi nor the record suggests any

information to rebut the presumption that his sentence was reasonable.

Accordingly, we affirm Prieto-Rubi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED